**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| DANIEL CANCELMO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>- v -<br><br>SOUTHERN NEW HAMPSHIRE MEDICAL CENTER, SOUTHERN NEW HAMPSHIRE HEALTH SYSTEM, INC., and SOLUTIONHEALTH<br><br>Defendants. | Civil Action No: 1:24-cv-00245 |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**
**<u>TO PLAINTIFF'S CLASS ACTION COMPLAINT</u>**

**<u>JURY TRIAL DEMAND</u>**

Defendants demand a jury trial on all claims so triable.

Defendants Southern New Hampshire Medical Center, Southern New Hampshire Health System, Inc. and SolutionHealth (collectively "Defendants" or "SNHH"), by and through its undersigned counsel, answers Plaintiff's Class Action Complaint (the "Complaint) as follows:

1. The allegations contained in paragraph 1 of the Complaint constitute legal conclusions to which no response is required. To the extent that paragraph 1 of the Complaint may be deemed to contain factual allegations, Defendants admit only that Plaintiff brings this case as a putative class action, but deny that this case is appropriate for class-wide adjudication and deny that the class can be certified, and deny the remaining allegations contained in paragraph 1 of the Complaint.

2. Defendants deny that SNHH's website allowed patients to pay for medical services, and admit the remaining allegations contained in paragraph 2 of the Complaint.

3. The allegations contained in paragraph 3 of the Complaint constitute legal conclusions to which no response is required. To the extent that paragraph 3 of the Complaint may be deemed to contain factual allegations, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations related to the information patients input on SNHH's website, and on that basis deny those allegations, and deny the remaining allegations contained in paragraph 3 of the Complaint.

4. The allegations contained in paragraph 4, including footnote 1 referenced in this paragraph, of the Complaint constitute legal conclusions to which no response is required. To the extent that paragraph 4 of the Complaint may be deemed to contain factual allegations, Defendants deny those allegations, including the allegations in footnote 1 referenced in this paragraph.

5. Defendants deny the allegations in this paragraph, including that that it has shared details of medical treatment sought by its patients and when an individual logs in to a "patient portal" among the other allegations in this paragraph. Moreover, the allegations contained in paragraph 5 of the Complaint constitute legal conclusions to which no response is required. To the extent that paragraph 5 of the Complaint may be deemed to contain factual allegations, Defendants deny those allegations.

6. To the extent allegations in paragraph 6 of the Complaint rely on statements made in a written document or other publication, said document or publication speaks for itself. Defendants otherwise deny the allegations contained in paragraph 6 of the Complaint. Moreover, the OCR guidance to which Plaintiff seemingly intends to refer in this paragraph was abrogated in *Am. Hosp. Ass'n v. Becerra*, 738 F. Supp. 3d 780 (N.D. Tex. 2024).

7. The allegations contained in paragraph 7 of the Complaint constitute legal conclusions to which no response is required. To the extent that paragraph 7 of the Complaint

may be deemed to contain factual allegations, Defendants admit only that Plaintiff brings this case as a putative class action and asserts claims under RSA 332-I:4, and RSA 570-A, but deny liability for those claims, deny that this case is appropriate for class-wide adjudication and deny that the class can be certified, and deny the remaining allegations contained in paragraph 7 of the Complaint. By way of further answer, Plaintiff in his Complaint did not assert claims for breach of fiduciary duty, breach of implied contract, or unjust enrichment despite listing them in this paragraph. Further, Plaintiff's claim under N.H. RSA § 332-I:4 was dismissed and Plaintiff has now confirmed he does not intend to amend his Complaint to attempt to fix his deficiencies in pleading that claim, such that it is no longer asserted in this litigation.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and on that basis deny them.

9. Defendants admit the allegations contained in paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in paragraph 11 of the Complaint.

12. Defendants admit the allegations contained in paragraph 12 of the Complaint.

13. The allegations contained in paragraph 13 of the Complaint constitute legal conclusions to which no response is required. To the extent that paragraph 13 of the Complaint may be deemed to contain factual allegations, Defendants deny those allegations.

14. The allegations contained in paragraph 14 of the Complaint constitute legal conclusions to which no response is required. To the extent that paragraph 14 of the Complaint may be deemed to contain factual allegations, Defendants deny those allegations.

15. The allegations contained in paragraph 15 of the Complaint constitute legal conclusions to which no response is required. To the extent that paragraph 15 of the Complaint may be deemed to contain factual allegations, Defendants deny those allegations.

16. Defendants admit the allegations contained in paragraph 16 of the Complaint.

17. Defendants state that SNHH had revenue of approximately $400 million in the 2024 fiscal year, and admit the remaining allegations contained in paragraph 17 of the Complaint.

18. To the extent allegations in paragraph 18 of the Complaint, including its footnote 4, rely on statements made in a written document or other publication, said document or publication speaks for itself and Defendants deny any attempt to characterize those writings. Defendants otherwise admit the allegations contained in paragraph 18 of the Complaint.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and on that basis deny them.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and on that basis deny them.

21. Defendants deny the allegations in paragraph 20 of the Complaint.

22. The allegations contained in paragraph 22 of the Complaint are not directed to Defendants and are subject to potential expert testimony, and therefore no response from Defendants is necessary. To the extent a further answer is deemed necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, and on that basis deny them.

23. The allegations contained in paragraph 23 of the Complaint constitute legal conclusions to which no response is required. Further, to the extent allegations in paragraph 23 of the Complaint rely on statements made in a written document or other publication, said document

or publication speaks for itself. Furthermore, the allegations contained in paragraph 23 of the Complaint are subject to potential expert testimony, and therefore no response from Defendants is necessary.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint regarding the alleged activities of Google and the operation of Google Analytics, patients' knowledge, and individuals' activities and interactions with "other websites.". Defendants deny the remaining allegations contained in paragraph 24 of the Complaint.

25. The allegations contained in paragraph 25 of the Complaint are not directed at Defendants and are subject to potential expert testimony, and therefore no response from Defendants is necessary. Moreover, Defendants are without knowledge or information sufficient to form a belief as to Google's purpose or "design" in offers products and options and for that reason too the allegations contained in paragraph 25 of the Complaint are denied.

26. The allegations contained in paragraph 26 of the Complaint are not directed at Defendants and are subject to potential expert testimony, and therefore no response from Defendants is necessary. To the extent a further answer is deemed necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, and on that basis deny them. The image embedded in paragraph 26 of the Complaint contains no factual allegations and thus no answer is required. To the extent that this image may be deemed to contain factual allegations, Defendants deny those allegations.

27. The allegations contained in paragraph 27 of the Complaint are not directed at Defendants and are subject to potential expert testimony, and therefore no response from

Defendants is necessary. To the extent a further answer is deemed necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, and on that basis deny them.

28. The allegations contained in paragraph 28 of the Complaint are subject to potential expert testimony, and therefore no response from Defendants is necessary. Moreover, the image embedded in paragraph 28 of the Complaint is a writing which speaks for itself and which contains no factual allegations and thus no answer is required. To the extent that this image may be deemed to contain factual allegations, Defendants deny those allegations.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint, including footnote 5. To the extent allegations in paragraph 30 of the Complaint rely on statements made in a written document or other publication, said document or publication is a writing which speaks for itself. Defendants deny any attempts to characterize, summarize, or selectively quote from any such writing. To the extent a further answer is deemed necessary, Defendants admit that the Terms of Use found at the URL referenced at the URL in footnote 5 of this paragraph refers to use of the Google AdWords tool. The remaining allegations in this paragraph are denied.

31. To the extent allegations in paragraph 31 of the Complaint rely on statements made in a written document or other publication, said document or publication speaks for itself. Defendants otherwise deny the allegations contained in paragraph 31 of the Complaint. Defendants specifically deny that any of them acted "deceptively" at any time relevant hereto.

32. The allegations in paragraph 32 of the Complaint rely on the contents of a website, and said website speaks for itself. Defendants deny any attempt to characterize or summarize said writing. To the extent a further answer is deemed necessary, Defendants admit generally that the

SNHH website allows individuals to search for doctors. Defendants otherwise deny the allegations contained in paragraph 32 of the Complaint. The image embedded in paragraph 32 of the Complaint contains no factual allegations and thus no answer is required. To the extent that this image may be deemed to contain factual allegations, Defendants deny those allegations.

33. The allegations in paragraph 33 of the Complaint rely on the contents of a website, and said website speaks for itself. To the extent a further answer is deemed necessary, Defendants deny the allegations contained in paragraph 33 of the Complaint. The image embedded in paragraph 33 of the Complaint contains no factual allegations and thus no answer is required. To the extent that this image may be deemed to contain factual allegations, Defendants deny those allegations.

34. The allegations in paragraph 34 of the Complaint rely on the contents of a website, and said website speaks for itself. To the extent a further answer is deemed necessary, Defendants deny the allegations attempting to summarize the operation of the SNHH website contained in paragraph 34 of the Complaint. The image embedded in paragraph 34 of the Complaint contains no factual allegations and thus no answer is required. To the extent that this image may be deemed to contain factual allegations, Defendants deny those allegations.

35. The allegations in paragraph 35 of the Complaint rely on the contents of a website, and said website speaks for itself. To the extent a further answer is deemed necessary, Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint. Further, the allegations in paragraph 36 of the Complaint rely on the contents of a website, and said website speaks for itself. Furthermore, the allegations contained in paragraph 36 of the

Complaint are not directed at Defendants and are subject to potential expert testimony, and therefore no response from Defendants is necessary.

37. The allegations in paragraph 37 of the Complaint rely on the contents of a website, and said website speaks for itself. To the extent a further answer is deemed necessary, Defendants deny the allegations contained in paragraph 37 of the Complaint. The image embedded in paragraph 37 of the Complaint contains no factual allegations and thus no answer is required. To the extent that this image may be deemed to contain factual allegations, Defendants deny those allegations.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint. Further, the allegations in paragraph 38 of the Complaint rely on the contents of a website, and said website speaks for itself. Furthermore, the allegations contained in paragraph 38 of the Complaint are not directed at Defendants and are subject to potential expert testimony, and therefore no response from Defendants is necessary. To the extent a further answer is deemed necessary, Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint. Furthermore, the allegations contained in paragraph 39 of the Complaint are not directed at Defendants and are subject to potential third party and/or expert testimony, and therefore no response from Defendants is necessary. Moreover, the allegations in paragraph 39 of the Complaint constitute legal conclusions to which no response is required, and for that reason too are deemed denied.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint. Further, the allegations in paragraph 40 of the Complaint rely on the contents of a website, and said website speaks for itself. Furthermore, the allegations contained in paragraph 40 of the

Complaint are not directed at Defendants and are subject to potential expert testimony, and therefore no response from Defendants is necessary.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint. Moreover, the allegations in paragraph 41 of the Complaint rely on the contents of a website, and said website speaks for itself. Furthermore, the allegations contained in paragraph 41 of the Complaint are not directed at Defendants and are subject to potential expert testimony, and therefore no response from Defendants is necessary. To the extent a further answer is deemed necessary, Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. In response to paragraph 42 of the Complaint, Defendants admit only that Plaintiff brings this case as a putative class action. Defendants deny that this case is appropriate for class-wide adjudication or that the class can be certified, and deny the remaining allegations contained in paragraph 42 of the Complaint.

43. Defendants admit only that Plaintiff brings this case as a putative class action on behalf of the proposed class identified in paragraph 43 of the Complaint. Defendants deny that this case is appropriate for class-wide adjudication or that the class can be certified, and deny the remaining allegations contained in paragraph 43 of the Complaint.

44. The allegations contained in paragraph 44 of the Complaint constitute legal conclusions and are not directed at Defendants, thus no response is required. To the extent a further answer is deemed necessary, Defendants admit only that Plaintiff seeks to reserve the right to modify or amend his definition of the proposed class, and deny that this case is appropriate for class-wide adjudication or that the class can be certified, and deny the remaining allegations contained in paragraph 44 of the Complaint.

45. Defendants deny that this case is appropriate for class-wide adjudication or that the class can be certified, and deny the remaining allegations contained in paragraph 45 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff meets the definition he has proposed and on that basis further denies that allegation.

46. The allegations contained in paragraph 46 of the Complaint constitute legal conclusions and are not directed at Defendants, thus no response is required. To the extent a further answer is deemed necessary, Defendants deny that this case is appropriate for class-wide adjudication or that the class can be certified, and deny the remaining allegations contained in paragraph 46 of the Complaint.

47. Defendants admit only that Plaintiff seeks injunctive relief and damages as set forth in paragraph 47 of the Complaint, but deny that this case is appropriate for injunctive relief, deny that Plaintiff is entitled to damages, and deny the remaining allegations contained in paragraph 47 of the Complaint.

48. The allegations contained in paragraph 48 of the Complaint constitute legal conclusions to which no response is required. To the extent a further answer is deemed necessary, Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. The allegations contained in paragraph 49 of the Complaint constitute legal conclusions to which no response is required. To the extent a further answer is deemed necessary, Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. The allegations contained in paragraph 50 of the Complaint constitute legal conclusions to which no response is required. To the extent a further answer is deemed necessary, Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. The allegations contained in paragraph 51 of the Complaint constitute legal conclusions to which no response is required. To the extent a further answer is deemed necessary, Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. The allegations contained in paragraph 52 of the Complaint constitute legal conclusions to which no response is required. To the extent a further answer is deemed necessary, Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. The allegations contained in paragraph 53 of the Complaint constitute legal conclusions to which no response is required. To the extent a further answer is deemed necessary, Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. The allegations contained in paragraph 54 of the Complaint constitute legal conclusions to which no response is required. To the extent a further answer is deemed necessary, Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. The allegations contained in paragraph 55 of the Complaint constitute legal conclusions to which no response is required. To the extent a further answer is deemed necessary, Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. The allegations contained in paragraph 56 of the Complaint constitute legal conclusions to which no response is required. To the extent a further answer is deemed necessary, Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. The allegations contained in paragraph 57 of the Complaint constitute legal conclusions to which no response is required. To the extent a further answer is deemed necessary, Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. In response to paragraph 58 of the Complaint, Defendants repeat and reallege their answers to the allegations in the Complaint set forth above as if fully set forth herein.

59. In response to paragraph 59 of the Complaint, Defendants state that Plaintiff's RSA 332-I cause of action has been dismissed, and no response is required. To the extent an answer is deemed necessary, Defendants state that the allegations contained in paragraph 59 of the Complaint constitute legal conclusions to which no answer is required, and on that basis are deemed denied. Moreover, to the extent allegations in paragraph 59 of the Complaint rely on statements made in a written document or other publication, said document or publication speaks for itself, and Defendants deny any attempt to characterize or summarize said writing.

60. In response to paragraph 60 of the Complaint, Defendants state that Plaintiff's RSA 332-I cause of action has been dismissed, and no response is required. To the extent an answer is deemed necessary, Defendants state that the allegations contained in paragraph 60 of the Complaint constitute legal conclusions to which no answer is required, and on that basis are deemed denied. Moreover, to the extent allegations in paragraph 60 of the Complaint rely on statements made in a written document or other publication, said document or publication speaks for itself, and Defendants deny any attempt to characterize or summarize said writing.

61. In response to paragraph 61 of the Complaint, Defendants state that Plaintiff's RSA 332-I cause of action has been dismissed, and no response is required. To the extent an answer is deemed necessary, Defendants state that the allegations contained in paragraph 61 of the Complaint constitute legal conclusions to which no answer is required, and on that basis are deemed denied. Moreover, to the extent allegations in paragraph 61 of the Complaint rely on statements made in a written document or other publication, said document or publication speaks for itself, and Defendants deny any attempt to characterize or summarize said writing.

62. In response to paragraph 62 of the Complaint, Defendants state that Plaintiff's RSA 332-I cause of action has been dismissed, and no response is required. Further, the allegations

contained in paragraph 62 of the Complaint constitute legal conclusions to which no response is required and are therefore deemed denied. To the extent an answer is deemed necessary, Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. In response to paragraph 63 of the Complaint, Defendants state that Plaintiff's RSA 332-I cause of action has been dismissed, and no response is required. Further, the allegations contained in paragraph 63 of the Complaint constitute legal conclusions to which no response is required. To the extent an answer is deemed necessary, Defendants deny the allegations contained in paragraph 63 of the Complaint.

64. In response to paragraph 64 of the Complaint, Defendants state that Plaintiff's RSA 332-I cause of action has been dismissed, and no response is required. Further, the allegations contained in paragraph 64 of the Complaint constitute legal conclusions to which no response is required. To the extent an answer is deemed necessary, Defendants deny the allegations contained in paragraph 64 of the Complaint.

65. In response to paragraph 65 of the Complaint, Defendants state that Plaintiff's RSA 332-I cause of action has been dismissed, and no response is required. To the extent an answer is deemed necessary, Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. In response to paragraph 66 of the Complaint, Defendants state that Plaintiff's RSA 332-I cause of action has been dismissed, and no response is required. To the extent an answer is deemed necessary, Defendants deny the allegations contained in paragraph 66 of the Complaint. The image embedded in paragraph 66 of the Complaint contains no factual allegations and thus no answer is required. To the extent that this image may be deemed to contain factual allegations, Defendants deny those allegations.

67. In response to paragraph 67 of the Complaint, Defendants state that Plaintiff's RSA 332-I cause of action has been dismissed, and no response is required. Further, the allegations contained in paragraph 67 of the Complaint constitute legal conclusions to which no response is required. To the extent an answer is deemed necessary, Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. In response to paragraph 68 of the Complaint, Defendants state that Plaintiff's RSA 332-I cause of action has been dismissed, and no response is required. Further, the allegations contained in paragraph 68 of the Complaint constitute legal conclusions to which no response is required. To the extent an answer is deemed necessary, Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. In response to paragraph 69 of the Complaint, Defendants state that Plaintiff's RSA 332-I cause of action has been dismissed, and no response is required. Further, the allegations contained in paragraph 67 of the Complaint constitute legal conclusions to which no response is required. To the extent an answer is deemed necessary, Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. In response to paragraph 70 of the Complaint, Defendants repeat and reallege their answers to the allegations in the Complaint set forth above as if fully set forth herein.

71. The allegations contained in paragraph 71 of the Complaint constitute legal conclusions to which no response is required. To the extent that paragraph 71 of the Complaint may be deemed to contain factual allegations, Defendants deny those allegations.

72. The allegations contained in paragraph 72 of the Complaint constitute legal conclusions to which no response is required. To the extent that paragraph 72 of the Complaint may be deemed to contain factual allegations, Defendants deny those allegations.

73. The allegations contained in paragraph 73 of the Complaint constitute legal conclusions to which no response is required. To the extent that paragraph 73 of the Complaint may be deemed to contain factual allegations, Defendants deny those allegations.

74. The allegations contained in paragraph 74 of the Complaint constitute legal conclusions to which no response is required. To the extent that paragraph 74 of the Complaint may be deemed to contain factual allegations, Defendants deny those allegations.

75. The allegations contained in paragraph 75 of the Complaint constitute legal conclusions to which no response is required. To the extent that paragraph 75 of the Complaint may be deemed to contain factual allegations, Defendants deny those allegations.

76. Defendants deny the allegations contained in paragraph 76 of the Complaint. Further, the allegations contained in paragraph 67 of the Complaint constitute legal conclusions to which no response is required. Defendants expressly deny Plaintiff has been harmed in any way in relation to the allegations in his Complaint.

**Prayer For Relief**

To the extent a response is required to Plaintiff's prayer for relief, Defendants state that the prayer for relief contained in the Complaint amounts to conclusions of law to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief, monetary, equitable, or otherwise, and therefore deny the allegations in the prayer for relief. Defendants also deny that this case is appropriate for class-wide adjudication or that a class can be certified.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses:

**First Affirmative Defense**

Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

**Second Affirmative Defense**

Plaintiffs lack standing to bring their claims.

**Third Affirmative Defense**

Plaintiffs fail to establish that they or the putative class members have suffered or are in danger of immediately suffering a concrete and legally cognizable injury. Plaintiffs' alleged damages are speculative, remote, or indirect.

**Fourth Affirmative Defense**

Plaintiffs' claims and those of the putative class members are barred, in whole or in part, because any injury suffered was voluntarily incurred for the purpose of manufacturing a legal claim.

**Fifth Affirmative Defense**

Plaintiffs' claims and those of the putative class members are barred, precluded, and/or diminished, in whole or in part, by the doctrine of intervening and/or superseding causation because any alleged damages they claim were caused by third parties who were not employees or agents of Defendants.

**Sixth Affirmative Defense**

Persons or entities other than Defendants may have caused or contributed to the damages Plaintiff and the putative class members allegedly suffered and therefore any award in favor of Plaintiff or the putative class members must be reduced by an amount equal to the percentage of fault of others causing or contributing to the damages alleged.

**Seventh Affirmative Defense**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, by the doctrine of contributory negligence to the extent their own negligent actions contributed to any damages they allege to have suffered.

**Eighth Affirmative Defense**

Plaintiff's claims and those of the putative class members are barred or reduced, in whole or in part, because they have failed to mitigate any damages they allegedly sustained.

**Ninth Affirmative Defense**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, by their assumption of risk.

**Tenth Affirmative Defense**

Defendants did not perform any act or omission that was the proximate cause of Plaintiff's or the putative class members' alleged damages.

**Eleventh Affirmative Defense**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, because Defendants were without knowledge of the identity of users of their public-facing websites.

**Twelfth Affirmative Defense**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, because they consented to the activities complained of.

**Thirteenth Affirmative Defense**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, by the statute of frauds in that they are based on alleged promises or statements that were not reduced to writing.

**Fourteenth Affirmative Defense**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, under the doctrines of waiver, release, estoppel, laches, and/or unclean hands.

**Fifteenth Affirmative Defense**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, by agreements that they independently entered into with third parties and/or by their prior disclosure of information to third parties.

**Sixteenth Affirmative Defense**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, because they have failed to join necessary and indispensable parties to the action.

**Seventeenth Affirmative Defense**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, by misjoinder of the parties.

**Eighteenth Affirmative Defense**

Plaintiff's Complaint is not appropriate as a class action lawsuit because there is no commonality among the putative class.

**Nineteenth Affirmative Defense**

Plaintiffs cannot show that any information allegedly collected or intercepted relates to him or putative class members. Because more than one individual may have access to a single device

or computer, mini-trials would be necessary to determine if the information allegedly collected related to each and every individual actually using the computers and/or computer browsers at issue.

**Twentieth Affirmative Defense**

Plaintiff's Complaint is not appropriate as a class action lawsuit because there is no typicality among the putative class.

**Twenty-First Affirmative Defense**

Questions of law or fact common to putative class members do not predominate over any questions affecting only individual members of the putative class.

**Twenty-Second Affirmative Defense**

A class action is not superior to other available methods for fairly and efficiently adjudicating the controversy.

**Twenty-Third Affirmative Defense**

The imposition of punitive and/or aggregated, class-wide damages in this case would be excessive and violate Defendants' Due Process and other Constitutional rights, under both the United States and New Hampshire Constitutions.

**Twenty-Fourth Affirmative Defense**

Plaintiff's claims and those of the putative class members are barred because at all times Defendant acted in good faith in in compliance with industry-standard practices and any applicable statutes and/or regulations.

**Twenty-Fifth Affirmative Defense**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, because Defendants had no prior notice that Defendants' actions were potentially wrongful, and

Defendants did not intend to commit a wrongful act, or deny any legal right to Plaintiff and/or any member of the putative class, or to cause harm.

**Twenty-Sixth Affirmative Defense**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, because Defendants did not act with a willful disregard as to the rights and legal interests of the Plaintiff and/or any member of the putative class.

**Twenty-Seventh Affirmative Defense**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, to the extent they allege that Defendants procured other parties not parties to the case in committing an interception or endeavoring to intercept telecommunications.

**Twenty-Eighth Affirmative Defense**

The RSA § 570-A claim by Plaintiff and the putative class members are barred, in whole or in part, because Defendants cannot be held liable for aiding or procuring a third party in committing an "interception" unless Plaintiff proves that the third party committed an actionable interception, and Defendants cannot be required to defend the actions of third parties.

**Twenty-Ninth Affirmative Defense**

The RSA § 570-A claim by Plaintiff and the putative class members is barred because application of RSA § 570-A as interpreted by Plaintiff would violate the rule of lenity.

**Thirtieth Affirmative Defense**

The RSA § 570-A claim by Plaintiff and the putative class members is barred because Plaintiff and the putative class members are not aggrieved persons intended to be protected by RSA § 570-A.

**Thirty-First Affirmative Defense**

The RSA § 570-A claim by Plaintiff and the putative class members is barred because the conduct alleged was not secret.

**Thirty-Second Affirmative Defense**

The RSA § 570-A claim by Plaintiff and the putative class members is barred because the conduct alleged did not involve a telecommunication or oral communication.

**Thirty-Third Affirmative Defense**

The RSA § 570-A claim by Plaintiff and the putative class members is barred because the conduct alleged did not involve an interception.

**Thirty-Fourth Affirmative Defense**

The RSA § 570-A claim by Plaintiff and the putative class members are barred because their personal or property interest or privacy was not invaded in the course of an alleged interception.

**Thirty-Fifth Affirmative Defense**

The RSA § 570-A claim by Plaintiff and the putative class members is barred because the conduct alleged did not involve an intercepting device.

**Thirty-Sixth Affirmative Defense**

The RSA § 570-A claim by Plaintiff and the putative class members is barred because the conduct alleged did not involve the interception of the contents of communications.

**Thirty-Seventh Affirmative Defense**

The RSA § 570-A claim by Plaintiff and the putative class members is barred because the Defendants did not act willfully.

**Thirty-Eighth Affirmative Defense**

The RSA § 570-A claim by Plaintiff and the putative class members is barred because the contents of communications were not intercepted while in transit.

**Thirty-Ninth Affirmative Defense**

The RSA § 570-A claim by Plaintiff and the putative class members is barred because if Defendants aided in any interception, a claim which Defendants deny, then under the statute Defendants acted as agent of one or more communication common carriers and used that communication in the normal course of their employment while engaged in an activity which was a necessary incident to the rendition of service.

**Fortieth Affirmative Defense**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, because no "personal information" or "personally identifiable information" of the Plaintiff and/or the putative class members was shared, accessed or otherwise implicated by any act or failure to act by the Defendants.

**Forty-First Affirmative Defense**

Plaintiff's claims and those of the putative class members are preempted, in whole or in part, by federal law, including, without limitation, the Health Information Portability and Protection Act and because Defendants were acting pursuant to the Center for Medicare & Medicaid Services' Medicare Promoting Interoperability Program and its Meaningful Use Standards.

**Forty-Second Affirmative Defense**

There is no threat of impending future harm that would entitle Plaintiffs or the putative class members to injunctive relief.

**Forty-Third Affirmative Defense**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, because there is no basis for declaratory, equitable, or compensatory relief in this action.

**Forty-Fourth Affirmative Defense**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, because there is no basis for punitive damages in this action.

**Forty-Fifth Affirmative Defense**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, because there is no basis for attorney's fees in this action.

**Forty-Sixth Affirmative Defense**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, by the applicable statutes of limitation.

Defendants expressly reserve the right to assert additional affirmative defenses as the case progresses and to amend this Answer to add or change such defenses.

Dated: November 19, 2025

Respectfully submitted,

**DEFENDANTS SOUTHERN NEW HAMPSHIRE MEDICAL CENTER, SOUTHERN NEW HAMPSHIRE HEALTH SYSTEM, INC., and SOLUTIONHEALTH**

By its attorneys,

/s/ *Anne K. Millham*
Anne K. Millham (NH Bar #278773)
**Cullen Collimore Shirley PLLC**
37 Technology Way | Suite 3W2
Nashua, NH 03060
Tel: 603-881-5500
Fax: 603-881-5507
Email: amillham@cullencollimore.com

*/s/ Michael W. Jervis*
Michael W. Jervis*
**Mullen Coughlin LLC**
426 W. Lancaster Avenue, Suite 200
Devon, PA 19333
Tel: 267-930-4498
Fax: 267-930-4771
Email: mjervis@mullen.law
*Admitted *Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Date: November 19, 2025 By: /s/ Anne K. Millham
Anne K. Millham