UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Daniel Cancelmo, on behalf of himself
and all others similarly situated

v. Case No. 24-cv-245-SE

Southern New Hampshire Medical Center,
et al.

**O R D E R**

Before the court is the parties' proposed discovery plan. Doc. no. 24. The court held a second preliminary pretrial conference on January 21, 2026, after rejecting the first proposed plan (doc. no. 23), at which Attorneys Todd Garber and Adam Weintraub appeared on behalf of the plaintiff and Attorneys Anne Millham and Michael Jervis appeared on behalf of the defendants.

For the reasons stated during the preliminary pretrial conference, the court approves the proposed discovery plan, with modifications. The following deadlines and limits on discovery apply:

| Scheduling/Discovery Designation | Deadline/Discovery Limit |
|---|---|
| **Amendment of Pleadings** | January 29, 2026 |
| **Joinder of Additional Parties** | January 29, 2026 |
| **Motions to Dismiss** | N/A |
| **Deadline for Parties to File ESI Protocol and Motion for Protective Order** | January 29, 2026 |

| Scheduling/Discovery Designation | Deadline/Discovery Limit |
|---|---|
| **Expert Disclosures** | Plaintiff: February 8, 2027<br>Defendants: March 10, 2027<br>Plaintiff's rebuttal: April 9, 2027<br>If either party intends to use expert disclosures in support of or to object to non-class summary judgment, their disclosures must be provided to the opposing party on or before August 13, 2026. Any rebuttal report must be provided on or before September 10, 2026. |
| **Expert Depositions** | Plaintiff's experts: April 9, 2027<br>Defendants' experts: May 10, 2027 |
| **Supplementations under Rule 26(e)** | No later than 90 days before trial |
| **Completion of All Discovery** | January 29, 2027 |
| **Motions for Summary Judgment** | Motions: October 8, 2026<br>Objections: November 24, 2026<br>Replies: December 17, 2026<br>Because the parties requested a briefing schedule prior to the close of fact discovery, the court notes that it will not be inclined to grant Fed. R. Civ. P. 56(d) motions. |
| **Challenges to Expert Testimony** | No later than 45 days before trial |
| **Interrogatories** | A maximum of 50 by each party to any other party. Responses due 30 days after service unless otherwise agreed under Fed. R. Civ. P. 29, or ordered by the court. |
| **Requests for Admission** | A maximum of 50 by each party to any other party. Responses due 30 days after service unless otherwise agreed under Fed. R. Civ. P. 29, or ordered by the court. |
| **Depositions** | A maximum of 20 by each party. Each deposition shall be limited to seven (7) hours unless extended by agreement of the parties. |
| **Joint Statement Re: Mediation** | December 2, 2026 |
| **Trial** | Two-week trial period beginning June 22, 2027 |

**Supplemental Case Management Conference.** If any portion of the case survives summary judgment, the court will schedule a supplemental case management to address the

plaintiff's intention to move for class certification. At that conference, the court will consider dates for discovery concerning class certification, a briefing schedule concerning class certification, and trial.

**Claims of privilege/protection of trial preparation materials.** If a party withholds information based on a claim of privilege, the party must "expressly make the claim" and provide to the opposing party a privilege log which describes the information not disclosed in a manner that allows "other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A).

In the event that a party or non-party inadvertently produces or discloses documents or information protected by the attorney-client privilege, work-product doctrine, or any other privilege recognized by law, the party or non-party that inadvertently produced or disclosed the privileged information will promptly notify the party or parties to whom it was disclosed. Upon receiving such notification, the receiving party shall, within seven days: (1) return the information claimed to be privileged; (2) return or destroy any copies of such information; (3) not use or disclose such information further; and (4) take reasonable steps to retrieve the information if the party already disclosed it. Inadvertent production of such information will not be deemed to waive any privilege. Nothing herein will prevent any party from arguing that the material was never privileged or otherwise immune from disclosure, or that such privilege or immunity has otherwise been waived. See Fed. R. Civ. P. 26(b)(5)(B). If the parties are unable to agree on a claim of privilege, the issue may be submitted to the court for resolution by proper motion, along with a motion to seal, as appropriate.

**Completion of discovery.** The court considers the deadline for the completion of discovery to be a deadline by which discovery is to be completed, not a deadline by which discovery is to be served. Parties serving discovery requests shall ensure that enough time

remains in the discovery period for the recipient to provide its responses by that deadline. Where Federal Rule of Civil Procedure 33(b)(2), 34(b)(2), or 36(a)(3) would call for a response after the deadline for completion of discovery, the recipient need not provide a response.

**Discovery disputes.** The parties must attempt to resolve discovery disputes without court involvement but should also request an informal conference prior to filing a motion to compel or other discovery motion. The party or counsel seeking discovery-related relief should confer with opposing counsel or the pro se party, identify mutually available dates, and then contact the Deputy Clerk to schedule a conference with the court. To the extent that this informal process does not resolve the discovery dispute, the parties may seek to resolve the dispute through an appropriate motion.

**Discovery status report.** The parties shall either file a joint statement or individual statements on the status of discovery on September 1, 2026. The parties should indicate whether they request a discovery status conference before the court. If the parties request a conference, or if the court otherwise deems one necessary, then the Clerk's Office shall schedule a conference as soon as is practicable.

SO ORDERED.

Samantha D. Elliott
United States District Judge

January 26, 2026

cc: counsel of record